GIUSEPPE A. MERCURIO *vs.* BOARD OF CANVASSERS AND REGISTRATION.

DECEMBER 4, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Stearns, JJ.

*(1)   Elections.   Ballots.*

Where a voter had drawn a wavering line through the name of a candidate upon the ballot, and placed a cross in the square at the right of the name of the opposing candidate, although the line at one point was sufficiently depressed to clear one of the letters in the first name but preserved its contact with all of the other letters, it was a substantial compliance with Gen. Laws, R. I., 1909, cap. 11, § 46, providing "To cancel a name . . . the voter shall draw a pencil mark through the full name."

PETITION FOR CERTIORARI. Heard and portion of record quashed.

VINCENT, J. This is a petition for a writ of *certiorari* brought by Giuseppe A. Mercurio of the city of Providence against the board of canvassers and registration of said city. The petition sets forth that the petitioner was a candidate for councilman in the ninth ward of said city at the election held on November 5, 1918; that his name appeared upon the ballots in the democratic column as such candidate and that in the republican column appeared the name of Thomas F. Black as a candidate for the same office; that the board of canvassers and registration on November 8, 1918, counted the votes cast at said election including those cast for the petitioner and the said Thomas F. Black and announced that the number of votes cast for the petitioner was three hundred and forty-six and for the said Thomas F. Black three hundred and forty-seven. The petition further sets forth that one of the ballots counted for Thomas F. Black by said board of canvassers and registration should have been counted for the petitioner, Mercurio.

At the hearing before us two ballots were presented and marked respectively petitioner's exhibit 1 and respondent's exhibit 1. There is some conflict of testimony as to which of these two ballots is the one alleged by the petitioner to have been improperly counted for the said Thomas F. Black. Without discussing the evidence in detail, we think that we must hold, upon the testimony offered, that the ballot marked petitioner's exhibit 1 is the ballot referred to. In the petitioner's exhibit 1 the name of Thomas F. Black, in the republican column, appears to have a black pencilled line passing through it and a cross appears in the square at the right of the name of the petitioner in the democratic column. The line passing through the name of Thomas F. Black is not straight. It is wavering and at one point becomes sufficiently depressed to clear the letter "o" in the first name, at the same time preserving its contact with all of the other letters.

The board of canvassers and registration counted this ballot for Thomas F. Black for councilman on the ground that the line as drawn did not sufficiently comply with the statute and therefore did not effect the cancellation of that that name. The statute, Chap. 11, Sec. 46, Gen. Laws of R. I. 1909, provides that "To cancel a name within the meaning of this chapter the voter shall draw a pencil mark through the full name," and the respondents now claim that inasmuch as one portion of the line falls below one of the letters of the name there is no cancellation within the meaning and intent of the statute and that such ballot should be counted for Thomas F. Black.

We think that the cancellation upon this ballot, as described, is a substantial compliance with the words of the statute which we have above quoted. The letters composing the name of Thomas F. Black upon the ballot are not large and to say that the failure of the cancelling line to cross a single letter thereof would render nugatory the act of the voter would be giving to the statute a more narrow construction than could have been intended or would be reasonable. It requires some skill to make, with a pencil, a comparatively straight line through a name composed of twelve small letters and we do not think that the statute should be construed with such strictness that the failure to cross one letter of the name should render ineffectual the act of the voter.

We think that the ballot, petitioner's exhibit 1, should be counted for the petitioner, Giuseppe A. Mercurio.

So much of the record of the board of canvassers and registration as declares that the petitioner received 346 votes and the said Thomas F. Black 347 votes is quashed.

*Pettine & De Pasquale,* for petitioner.

*Elmer S. Chace, City Solicitor and Alexander L. Churchill,* for respondent.